## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

| | |
|---|---|
| FOLUBI OLU-BORBITY<br>c/o The Hollimon Firm<br>1 Olympic Place, Suite 900<br>Towson, MD 21204<br><br>            Plaintiff,<br><br>      - against -<br><br>CITY OF BOWIE, MD ,<br>15901 Fred Robinson Way<br>Bowie, MD 20716<br><br>**Serve:**<br>**Awilda Hernandez**<br>**15901 Fred Robinson Way**<br>**Bowie, MD 20716**<br><br>AND<br><br>ROBERT WARRINGTON,<br>Individually and in his official capacity<br>As a City of Bowie Police Officer<br><br>**Serve:**<br>**Dwayne Preston**<br>**Chief of Police**<br>**City of Bowie**<br>**15901 Excalibur Rd**<br>**Bowie, MD 20716**<br><br>      Defendants. | CASE NO.: |

## <u>COMPLAINT</u>

Plaintiff Folubi Olu-Borbity. ("Plaintiff"), by and through his attorneys, for his Complaint against Defendants Robert Warrington and City of Bowie ("Defendants"), hereby alleges as follows:

PARTIES, JURISDICTION AND VENUE

1.     The Plaintiff resides in Maryland.

2.     Defendant City of Bowie  is a municipal corporation that, through its policymaking power, hires, trains, and employed Defendant Robert Warrington and the entire City of Bowie Police Department.  Defendant City of Bowie Police Department acted under the color of state law when it hired, trained, supervised, and retained Officer Warrington.

3.     City of Bowie is a person under 42  U.S.C. § 1983.

4.     Defendant Robert Warrington resides in Maryland.

5.     This complaint alleges violations of the 4th and 14th Amendments of the United States Constitution and claims under 42 U.S.C. § 1983, the Maryland Constitution, and Maryland state laws.

6.     Jurisdiction also arises under 28 U.S.C. § 1343 and 28 U.S.C. § 1331. The Court has jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

7.     Venue is proper in this District because the events giving rise to the claims occurred in this District.

FACTS

8.     On September 12, 2024, Plaintiff was operating his minvan on Collington Road near Route 50 in Prince George's County, Maryland.

9.     At the same time and place, Officer Robert Warrington, in his official capacity as a City of Bowie police officer, conducted a traffic stop on an unrelated vehicle.

10.     During the course of the traffic stop, Robert Warrington negligently and recklessly fired his service weapon at the individual he was interacting with during the traffic stop.

11.     The discharge of his firearm was negligent and  grossly negligent and the bullet from the Defendant Warrington's gun struck the Plaintiff's vehicle as he drove by.

12.     Instead of immediately firing Defendant Warrington after this incident, the City of Bowie Police Department placed him on paid administrative leave, essentially condoning the action committed by Defendant Warrington.

13.     As a direct and proximate cause of Defendant Warrington's actions, Plaintiff has suffered mental anguish, emotional pain and suffering, PTSD, and other fear related mental harm.

14.     Defendant City of Bowie failed to adequately train, supervise, investigate or reprimand Defendant Warrington.

15.     This failure is  the proximate cause of the Plaintiff's foreseeable injuries.

16.     Upon information and belief, City of Bowie Police has a long history of police misconduct and excessive force.

17.     As a direct and proximate cause of City of Bowie Police Department's failure to adequately train, supervise, or discipline officers that engage in negligent behavior, Defendant Warrington was able to negligently discharge his firearm and almost kill the Plaintiff.

### Count 1 : 42 U.S.C. § 1983( Against City of Bowie) (*Monell Claim)*

18.     Plaintiff repeats, re-alleges, and incorporates by reference each and every allegation and averment set forth in the above paragraphs of this Complaint with the same force and effect as if the same were more fully set forth at length herein.

19.    Under 42 U.S.C. § 1983, the Plaintiff is entitled to a remedy if he is deprived of his federal constitutional rights under the color of state law.

20.    Officer Warrington was acting under the color of state law when he subjected the Plaintiff to unreasonable and excessive force.

21.    Officer Warrington's actions were objectively unreasonable, excessive and without any lawful justification and were consistent with the unlawful practices, policies, or customs condoned by the City of Bowie.

22.    Pursuant to the United States Constitution, the City of Bowie can not allow, enable, or facilitate its officers to engage in patterns, practices, or policies, or customs that violate the Plaintiff's constitutional rights.

23.    Furthermore, the City of Bowie is responsible to train and supervise its officers to manage situations and incidents to prevent the misuse of police powers and constitutional right violations.

24.    By taking on this responsibility to train its officers, the City of Bowie acted under the color of law, and engaged in unconstitutional conduct.

25.    The City of Bowie created a pattern, practice, or policy of allowing, condoning, enabling and or facilitating its officers to use excessive and unlawful force in connection with making arrests.

26.    Additionally, the City of Bowie maintained a policy, pattern, or practice of condoning the behavior of officers who consistently engaged in the use of excessive and unlawful force by failing to discipline and/or reprimand officers.

4

27.     Defendant Warrington's excessive and unreasonable force resulted from the City of Bowie's failure to train, supervise, and/or reprimand him. This failure to properly train or correct Defendant Warrington is a violation of Section 1983 as well.

28.     The City of Bowie acted recklessly and/or with deliberate indifference towards whether Plaintiff's rights would be violated by its actions or omissions and that these actions/omissions were a proximate cause of Defendant Warrington's violation of Plaintiff's rights.

29.     The City of Bowie's failure to address issues regarding excessive force created an unreasonable risk of Plaintiff's constitutional rights being violated. The City of Bowie knew or should of known of these risks, but, with deliberate indifference, ignored the risks of consequences.

30.     As a result of the City of Bowie's actions/omissions, Plaintiff suffered significant emotional distress, mental distress, depression, anxiety, loss of quality of life, and other damages. WHEREFORE, Plaintiff requests that this Court enter judgment in his favor and against the City of Bowie in excess of $1,000,000.00 in compensatory damages , and any other such relief that the Court deems just and proper.

### Count 2: 42 U.S.C. § 1983( Against City of Bowie) (*Monell Claim*)

31.     Plaintiff repeats, re-alleges, and incorporates by reference each and every allegation and averment set forth in the above paragraphs of this Complaint with the same force and effect as if the same were more fully set forth at length herein.

32.     Under the 4th and 14th Amendment of the Constitution, the City of Bowie has a duty to prevent, not allow, not condone, not facilitate, or not enable, its Department officers from engaging in patterns, practices, policies or customs that violate the Plaintiff's constitutional

rights. The City of Bowie is obligated to train and supervise its officers in order to recognize and prevent incidents of excessive force.

33.     As stated previously, the City of Bowie engaged in a pattern, practice, or policy of condoning incidents of excessive force and unlawful force in relation to detaining and/or apprehending individuals.

34.     The City of Bowie failed to provide adequate training, supervision, or oversight to prevent incidents of excessive and unlawful force, and the City of Bowie, directly and through its employees, agents, and officers, failed to adequately train, supervise, and discipline its employees, agents and officers under its direction and control.

35.     The City of Bowie final policy making officials, ranking officers, and supervisors had actual or constructive knowledge of the pervasive and persistent pattern and practice that Officers engaged in , that this conduct clearly violated constitutional rights, and that this conduct posed an unreasonable risk of constitutional injury to citizens.

36.     The City of Bowie failed to properly handle past instances of constitutional violations and it failed to supervise/discipline its officers. This failure to supervise/discipline is unconstitutional. By failing to supervise or discipline its officers, The City of Bowie engaged in a pattern, practice, of policy of condoning the behavior.

37.     The City of Bowie knew or should have known that it was extremely likely that the use of excessive force would occur without adequate training, supervision, or training because of the pattern of similar violations known in the Bowie Police Department.

38.     It was foreseeable and very predictable that the Plaintiff's constitutional rights would be violated by Defendant Warrington due to the failure of the City of Bowie to train,

supervision, and or discipline Defendant Warrington. The City of Bowie was deliberately indifferent to this foreseeable constitutional violation.

39. Despite knowing this risk, the City of Bowie, with deliberate indifference to the police officers.

40. Defendant Warrington's firing on his service weapon was unreasonable, excessive, and without any lawful justification or excuse, and was a direct result of the City of Bowie's failure to adequately train, supervise, oversee, and discipline its employees as to the proper use of police force. The City of Bowie's failure to train, supervise, or oversee its employees was deliberate indifference.

41. Defendant Warrington's action was objectively unreasonable, excessive, and absent any lawful justification, and was in fact, keeping with the pattern, practice, or custom of the City of Bowie.

42. The City of Bowie subjected the Plaintiff to a deprivation of his rights maliciously and/or acting with reckless disregard for and/or with deliberate indifference to whether Plaintiff's rights would be violated by its inactions and that the violation would lead to his injuries.

43. The City of Bowie inactions were intentional, wanton, willful, malicious, and/or reckless disregard for Plaintiff's constitutional rights and as a result, the Plaintiff is entitled to compensatory damages.

44. As a result of the City of Bowie's actions/omissions, Plaintiff suffered significant emotional distress, mental distress, depression, anxiety, loss of quality of life, and other damages.

7

WHEREFORE, Plaintiff requests that this Court enter judgment in his favor and against the City of Bowie in excess of $1,000,000.00 in compensatory damages , and any other such relief that the Court deems just and proper.

### Count 3: 42 U.S.C. § 1983( Against Robert Warrington) (*Monell Claim)*

45.     Plaintiff incorporates and adopt each allegation contained in the preceeding and subsequent paragraphs of this Complaint, as it fully set forth herein.

46.     At all relevant times, Robert Warrington was acting under the color of state law as a sworn police officer employed by the City of Bowie.

47.     Under the 4th and 14th Amendment, Robert Warrington was prohibited from using excessive and/or unreasonable force.

48.     The action of Robert Warrington was excessive and a gross violation of Plaintiff's constitutional rights.

49.     The Plaintiff was not a threat to the life or safety of Robert Warrington at the time that his vehicle was shot.

50.     The force used by Defendant Warrington was intentional, excessive, objectively unreasonable, absent without lawful justification, unconstitutional, and unlawful.

51.     As a direct and proximate cause of Defendant Warrington's actions, Plaintiff sustained mental and emotional anguish,  mental stress, depression, loss of quality of life and other damages.

WHEREFORE, Plaintiff requests that this Court enter judgment in his favor and against the Robert Warrington in excess of $1,000,000.00 in compensatory damages , and any other such relief that the Court deems just and proper.

### Count 4: Maryland Declaration of Rights Article 24 (Against All Defendants)

52.     Plaintiff incorporates and adopt each allegation contained in the preceeding and subsequent paragraphs of this Complaint, as it fully set forth herein.

53.     At all times relevant, Robert Warrington was acting under the color of state law as an officer employed by the City of Bowie.

54.     Robert Warrington violated the Plaintiff's civil rights as written in the Maryland State Constitution and the Declaration of Rights, including Article 24.

55.     Robert Warrington violated the Plaintiff's civil rights and Due Process as outline the Maryland Declaration of Rights by engaging in excessive force.

56.     The unlawful actions of Robert Warrington were intentional, excessive, objectively unreasonable, absent any lawful justification, and unconstitutional.

57.     Robert Warrington's actions were objectively unreasonable given the facts and circumstances that led to Mr. Warrington firing his gun.

58.     The City of Bowie is vicariously liable to the Plaintiff for Robert Warrington's violation of the Plaintiff's rights under Article 24 of the Maryland Declaration of Rights.

59.     Robert Warrington's actions were intentional, wanton, willful, malicious, and reckless disregard for the Plaintiff's constitutional rights.

60.     As a direct and proximate cause of Defendant Warrington's actions, Plaintiff sustained mental and emotional anguish,  mental stress, depression, loss of quality of life and other damages.

9

WHEREFORE, Plaintiff requests that this Court enter judgment in his favor and against the Defendants in excess of $1,000,000.00 in compensatory damages , and any other such relief that the Court deems just and proper.

**Count 5: Assault and Battery (Against All Defendants)**

61.     Plaintiff incorporates and adopt each allegation contained in the preceding and subsequent paragraphs of this Complaint, as it fully set forth herein.

62.     At all relevant times, Mr. Warrington was acting under the color of state law as a police officer for the City of Bowie.

63.     Mr. Warrington assaulted and battered the Plaintiff when he fired his weapon in the direction of another individual and subsequently struck the vehicle that the Plaintiff was driving.

64.     Mr. Warrington intentionally fired his service weapon. The Plaintiff did not give Mr. Warrington any permission or consent to fire a weapon in the direction of his moving vehicle.

65.     Mr. Warrington's conduct was intentional. He acted as the City of Bowie's agent, servant, and/or employee when the assault and battery occurred.

66.     Mr. Warrington's conduct was committed within the scope of his employment with the City of Bowie, therefore the City of Bowie is vicariously liable for his tortious action committed against the Plaintiff.

67.     As a direct and proximate cause of Defendant Warrington's actions, Plaintiff sustained mental and emotional anguish,  mental stress, depression, loss of quality of life and other damages.

WHEREFORE, Plaintiff requests that this Court enter judgment in his favor and against the Defendants in excess of $75,000.00 in compensatory damages , and any other such relief that the Court deems just and proper.

### Count 6: Negligence (Against All Defendants)

68.     Plaintiff incorporates and adopt each allegation contained in the preceding and subsequent paragraphs of this Complaint, as it fully set forth herein.

69.     At all times relevant, the Defendnats were acting under the color of state law.

70.     Defendants owed the Plaintiff a duty to exercise due care in the operation of the police department to avoid foreseeable harm to the Plaintiff.

71.     The Defendants breached these duties by their actions and/or inactions as noted throughout the complaint.

72.     The Defendants' negligence proximately caused the Plaintiff's injuries.

73.     As a direct and proximate cause of Defendant's actions, Plaintiff sustained mental and emotional anguish,  mental stress, depression, loss of quality of life and other damages.

WHEREFORE, Plaintiff requests that this Court enter judgment in his favor and against the Defendants in excess of $75,000.00 in compensatory damages , and any other such relief that the Court deems just and proper.

### Count 7: Gross Negligence (Against All Defendants)

74.     Plaintiff incorporates and adopt each allegation contained in the preceding and subsequent paragraphs of this Complaint, as it fully set forth herein.

75.    At all times relevant, the Defendnats were acting under the color of state law. Robert Warrington had a duty to act in a manner that a objectively reasonable and prudent police officer would have acted in the same circumstances confronting them.

76.    Robert Warrington engaged in intentional, willful, wanton misconduct, and with a reckless disregard for the consequences of to the Plaintiff.

77.    Robert Warrington's gross negligence was the proximate cause of the damages suffered by the Plaintiff.  The Plaintiff's injuries were solely caused by the gross negligence of the Defendants without any contributory negligence by the Plaintiff.

78.    Robert Warrington's conduct was without legal justification and motivated by a reckless disregard for the Plaintiff's wellbeing.

79.    Robert Warrington's conduct was committed within his scope of his employment with the City of Bowie, therefore the City of Bowie is vicariously liable for Mr. Warrington's actions.

80.    As a direct and proximate cause of Defendants gross negligence, Plaintiff sustained mental and emotional anguish,  mental stress, depression, loss of quality of life and other damages.

WHEREFORE, Plaintiff requests that this Court enter judgment in his favor and against the Defendants in excess of $75,000.00 in compensatory damages , and any other such relief that the Court deems just and proper.

### Count 8: Negligent Hiring, Training and Supervision (Against City of Bowie)

81.    Plaintiff incorporates and adopt each allegation contained in the preceding and subsequent paragraphs of this Complaint, as it fully set forth herein.

82.    At all times relevant, Robert Warrington  was acting under the color of state law as a police officer employed by the City of Bowie.

12

83.     The City of Bowie maintained a duty to use reasonable care in hiring, training, and supervising officers to ensure that the officers are competent and fit to  perform the duties of a City of Bowie police officer.

84.     The City of Bowie knew or shown have known that Mr. Warrington was unfit for his assigned duties. The City of Bowie is mandated to train and supervise officers to ensure that citizens' constitutional rights are not violated.

85.     At all relevant times, The City of Bowie had a duty to ensure that its officers, employees, or agents, exercised the same degree of respect to the training, supervision and management of all employees, agents, and officers under its direction and control.

86.     Robert Warrington's conduct was illegal, negligent, and/or reckless.

87.     Had the City of Bowie properly trained or supervised Mr. Warrington properly, he would have not committed the action that led to the Plaintiff's harm.

88.     It was foreseeable that that by failing to properly train and/or supervise Mr. Warrington regarding the use of force, that Mr. Warrington would violate the Plaintiff's constitutional rights.

89.     As a direct and proximate cause of Defendants failure to train and supervise, Plaintiff sustained mental and emotional anguish,  mental stress, depression, loss of quality of life and other damages.

WHEREFORE, Plaintiff requests that this Court enter judgment in his favor and against the Defendants in excess of $75,000.00 in compensatory damages , and any other such relief that the Court deems just and proper.

PRAYER

WHEREFORE, Plaintiff prays for judgment in favor of Plaintiff and against each Defendant, jointly and severally, as follows:

      a.      Compensatory damages in excess of $1,000,000.00 , specific amount to be determined at trial plus interests and costs as to Counts  1 through 4;

      b.      Compensatory damages in excess of $75,000.00, specific amount to be determined at trial plus interests and costs as to Counts 5-8

      c.      for Plaintiff's attorney's fees, interest, and costs of suit pursuant to 47 U.S.C. § 605(e)(3)(B)(iii) or, alternatively, pursuant to § 553(c)(2)(C); and

      d.      for such other and further relief to which Plaintiff may be entitled.


Respectfully,

/s/ Justin M. Hollimon
Justin M. Hollimon, Esq. #20039
The Hollimon Firm
1 Olympic Place, Suite 900
 Towson, Maryland 21204
(443) 326-4702

## DEMAND FOR JURY TRIAL

Plaintiff hereby demand a trial by jury on the issues set forth in this Complaint.


Respectfully,

/s/ Justin M. Hollimon
Justin M. Hollimon, Esq. #20039
The Hollimon Firm
1 Olympic Place, Suite 900
 Towson, Maryland 21204
(443) 326-4702

14